IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

James E. McKissick, Jr. a/k/a James      )     Civil Action No.:2:12-00015-RBH-BHH
E. McKissick,                            )
                                         )
                    Petitioner,          )     **REPORT AND RECOMMENDATION**
                                         )       **OF MAGISTRATE JUDGE**
            v.                           )
                                         )
Warden Evans Correctional Institution,   )
                                         )
                    Respondent.          )
                                         )

The Petitioner, a state prisoner proceeding *pro se*, seeks habeas relief for a state conviction pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment. (Dkt. No. 37; see also Dkt. No. 36.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on or about December 28, 2011. (Dkt. No. 1 at 6 of 6.) On October 22, 2012, Respondent filed a Motion for Summary Judgment. (Dkt. No. 37; see also Dkt. No. 36.) By order filed October 23, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 38.) Petitioner filed his Response in Opposition on or about February 3, 2013. (Dkt. No. 47.)

**PROCEDURAL HISTORY**

The Petitioner is currently confined at Evans Correctional Institution. In December of 2000, the Cherokee County Grand Jury indicted Petitioner for armed robbery. (R. at 418-19.) Petitioner was represented by Sheryl Clarkson Bland, Esquire, and Jason Bone, Esquire. (R. at 1.) A jury trial was held on January 8-10 of 2001, before the Honorable J.

Derham Cole. (See R. at 1.) On January 10, 2001, the jury convicted Petitioner as charged. (R. at 336-38.) The following day, on January 11, 2001, Judge Cole sentenced Petitioner to twenty-five years. (R. at 343.)

Petitioner appealed and was represented on appeal by Aileen P. Clare, Esquire, of the South Carolina Office of Appellate Defense. (See Dkt. No. 36-1.) In an Anders[1] brief filed on December 13, 2001, Petitioner raised the following issue: "Did the State's amendment of Appellant's indictment deprive the trial court of subject-matter jurisdiction?" (Dkt. No. 36-1 at 4 of 10.) On or about January 25, 2002, Petitioner filed a *pro se* Supplemental Brief of Appellant. (Dkt. No. 36-2.) In his *pro se* filing, Petitioner raised the following issue: "Was the trial court's refusal to reopen the evidentiary record to allow for the admission of photo lineup number two an abuse of discretion that denied appellant a fair trial?" (Dkt. No. 36-2 at 4 of 9.)

In an unpublished opinion filed May 30, 2002, the South Carolina Court of Appeals dismissed the appeal. (Dkt. No. 36-3.) The remittitur was issued on July 9, 2002. (Dkt. No. 36-4.)

On September 6, 2002, Petitioner filed an application for Post-Conviction Relief ("PCR"). (R. at 348-56.) On October 11, 2004, Petitioner filed an amended application for PCR. (R. at 357-63.) In his amended application for PCR, Petitioner raised the following issues:

> a. The Applicant was denied effective assistance of counsel by trial counsel's failure to specifically object to the amendment of the indictment by the State which added the phrase that a person commits armed robbery "while alleging by actions or words that he was armed while using a representation of a deadly weapon or any object which a person present during the commission of the robbery reasonably believed to be a deadly weapon"; and that such amendment deprived the court of subject matter jurisdiction. Tr. p. 291, l. 23 -Tr. p. 293, l. 9.

---

[1]Anders v. California, 386 U.S. 738 (1967).

2

b. The Applicant was denied effective assistance of counsel, in as much as trial counsel failed to specifically object to the trial judge's instructions on the law of armed robbery, given that the instructions were based upon the improper amendment of the indictment by the State, which had deprived the court of subject matter jurisdiction. Tr. p. 329, ll. 13-19.

c. The Applicant was denied effective assistance of counsel, in as much as trial counsel failed to object to the State eliciting testimony from a witness as to the Applicant's drug use; and that the admission of such testimony improperly attacked the character of the Applicant, and was unduly prejudicial to the Applicant. Tr. p. 254, ll. 3-8.

d. The Applicant was denied effective assistance of counsel, in as much as trial counsel failed to make a motion pursuant to Rule 609 of the South Carolina Rules of Evidence, for a judicial determination as to what, if any, prior convictions might be admitted against him if he testified. That in the absence of such motion the Applicant was told that his prior convictions would be used to impeach him if he testified, and such advice unduly prejudiced the Applicant, by preventing him from knowingly waiving his Six amendment right to testify.

e. The Applicant was denied effective assistance of counsel, in as much as trial counsel failed to object to the presence of State's witness, Michael Jackson, after the trial judge had ordered that all witnesses be sequestered during the trial; and that the Applicant was unduly prejudiced by this omission.

f. The Applicant was denied effective assistance of counsel, in as much as trial counsel failed to request the court to give the jury a thorough instruction on identification; the court's instruction on identification being brief, obscure and vague; and that the Applicant was unduly prejudiced by this omission. Tr. p. 331, ll. 1-7.

g. The Applicant was denied effective assistance of counsel, in as much as trial counsel failed to subpoena and present alibi witnesses on behalf of the Applicant; and that the Applicant was unduly prejudiced by this omission.

h. The Applicant was denied due process of law by the prosecution's willful failure to disclose the existence of material and/or exculpatory evidence relating to the identification of the Applicant at trial, after the Applicant's attorney had first filed a Rule 5 and Brady discovery request.

(R. at 359-60.)

An evidentiary hearing was held in this PCR action on November 8, 2004, before the

Honorable J. Mark Hayes, II. (R. at 365-439.) Petitioner was present and represented by

3

Trent N. Pruett, Esquire. (See R. at 365.) At the hearing, Petitioner, through counsel, stated that Petitioner intended to proceed with allegations A, B, C, and D in the amended application. (R. at 369.) In an order dated May 5, 2005, Judge Hayes denied the application for post-conviction relief. (R. at 440-47.)

On January 20, 2006, Wanda H. Carter, Esquire, of the South Carolina Office of Appellate Defense, filed a petition for writ of certiorari on behalf of Petitioner. (Dkt. No. 36-5.) In this petition, Ms. Carter raised the following issues:

> 1. Did trial counsel err in advising petitioner not to testify at trial in order to preclude impeachment via his prior criminal record (which included two armed robbery convictions) without first bringing the issue to the trial judge in the form of a motion to suppress the priors via Rule 609, SCRE, and Green v. State?
>
> 2. Did trial counsel err in failing to object to negative character testimony that surfaced at trial?

(Dkt. No. 36-5 at 3 of 11.)

The South Carolina Court of Appeals entered an order denying the Petition on September 21, 2007. (Dkt. No. 36-9.) The matter was remitted to the lower court on October 9, 2007. (Dkt. No. 36-10.)

On November 29, 2011, the Petitioner filed a Rule 60(b) motion. (See Dkt. No. 36-11.) As Respondent notes, this document was originally stamped "received" by the Clerk for the United States District Court for the District of South Carolina in Greenville; the document was subsequently filed in Cherokee County on November 29, 2011. (See Dkt. No. 36-11 at 1 of 53.) Petitioner contended in the Rule 60(b) motion that "[b]ased on the recommendations and fraudulent legal advice" of his PCR counsel, Petitioner proceeded only on grounds A, B, C, and D at his PCR hearing. (Dkt. No. 36-11 at 2 of 53.) In an order dated January 10, 2012, Judge Hayes denied the motion as untimely. (Dkt. No. 36-13.)

4

On December 28, 2011, Petitioner filed a document entitled "Rule 60(B)1)2)3)4)5) Motion–'Fraud Upon the Court, Set Aside Conviction and Vindicate Plaintiff." (Dkt. No. 1.) On March 15, 2012, the undersigned issued a Proper Form Order, giving Petitioner a specified amount of time to bring the instant case into proper form. (Dkt. No. 5.) Petitioner was ordered to, *inter alia*, complete a "Petition for Relief From a Conviction or Sentence By a Person in State Custody (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)." (Dkt. No. 5 at 1.)[2] Petitioner thereafter complied with the Proper Form Order, and raised the following grounds for relief in the instant habeas action (verbatim):

> a. Ground One: Petitioner's 6th and 14th State, Federal & U.S. Constitutional Rights were violated at the Trial Stage, Appeal stages and PCR proceedings. Supporting Facts: At Petitioner's Trial counsel performance was deficient, the Trial Court abused its discretion and the Prosecution violated Brady, which led to Prosecutorial misconduct. Petitioner has attached Reports, Statements, Trial pages, along with Exhibits and explanation of Evidence importance at all stages.
>
> b. Ground Two: Petitioner has diligently pursued his claim of Actual Innocence and presents it to this Honorable Court now.
> Supporting Facts: The Photo Line-Up, Victim's original Statement, Alibi Witnesses, Police Reports etc. exonerate Petitioner. See attached Supporting Documents with explanation.
>
> c. Ground Three: Petitioner asserts that he timely filed his 60(B) Motion pursuant to due diligence and discovering of facts not known to him prior to their natural occurrences. Actual Innocence and Extrinsic Fraud when shown, there is no time limit upon any Court for its correction and vindication. Supporting Facts: Petitioner is providing attached documents that prove his claims along with explanation of Evidence presented. The Law pretaining [sic] to the time bar must be addressed with . . . a Law & Analysis explanation to the Court.

(Dkt. No. 1-4 at 8-9 of 10.) In a document entitled "Judicial Notice, Explanation & Narrative to Exhibits," Petitioner raises the following two issues:

---

[2]Petitioner returned an application pursuant to 28 U.S.C. § 2241, but the motion is herein treated as one pursuant to 28 U.S.C. § 2254.

Issue #1: Did Post Conviction Relief Attorney for Petitioner commit Fraud upon the Court when submitting to the Court for Record knowingly perjured testimony in regards to the Petitioner's Alibi Witnesses?

. . . .

Issue #2: Did Post Conviction Relief Attorney for Petitioner commit fraud upon the Court when having a prejudice meeting "in his office" with an adverse party, discussing evidence?

(See Dkt. No. 1-5.)

## APPLICABLE LAW

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

Respondent contends he is entitled to summary judgment in the instant case for several reasons. First, Respondent contends the § 2254 petition is barred by the statute of limitations. (See Dkt. No. 36 at 12.)

6

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, an inmate who is incarcerated "pursuant to the judgment of a State court" and who seeks federal post-conviction habeas relief is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The one-year period to file a § 2254 petition commences upon the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A)-(D). The one-year period to file a § 2254 petition, however, is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2).

Even if the limitations period is not tolled under the statute, a § 2254 petition may nevertheless be timely if the petitioner can demonstrate that he is entitled to equitable tolling of the limitations period. The Supreme Court recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case." Id. at 2563.

Respondent contends Petitioner's conviction became final on May 30, 2002, the date the South Carolina Court of Appeals issued the remittitur. (Dkt. No. 36 at 13.) Petitioner filed his application for post-conviction relief on September 6, 2002. (R. at 348-56.) According to Respondent, 99 days of non-tolled time passed between the time Petitioner's conviction became final and the time he filed his PCR application. (Dkt. No. 36 at 13.) Respondent states, "The period of limitations was tolled during the pendency of the PCR action until no later than **October 10, 2007**, when the South Carolina Court of Appeals issued the remittitur from its order denying Petitioner's petition for a writ of certiorari." (Dkt. No. 36 at 13.) Respondent contends that, after the statute of limitations began running again on October 10, 2007, Petitioner had 266 days within which to timely file his federal habeas petition, such that the petition had to be filed by July 2, 2008, in order to be timely. (Id.) Respondent asserts that, because Petitioner's "federal petition was **delivered May 1, 2012**," Petitioner "filed his federal habeas application approximately 1399 days after the expiration of the one-year limitations period." (Id. at 14.)

Petitioner's habeas petition was not filed within the one-year time frame after his conviction became final. At the latest, the one-year statute of limitations began running on July 9, 2002, the date the South Carolina Court of Appeals issued the remittitur. (See Dkt. No. 36-4.) Petitioner filed his application for post-conviction relief on September 6, 2002. (R. at 348-56.) At least fifty-nine days of non-tolled time passed between the time Petitioner's conviction became final and the time he filed his application for post-conviction relief.[3] Because the statute of limitations was tolled while the application for post-conviction relief

---

[3]In his Memorandum in Support of the Motion for Summary Judgment, Respondent erroneously contends the conviction "became final on May 30, 2002, the date the South Carolina Court of Appeals issued the remittitur." (Dkt. No. 36 at 13.) Of course, the remittitur was not actually issued until July 9, 2002, and so that is the date the undersigned has used above.

was pending, the statute was tolled from September 6, 2002, until–at the latest–October 10, 2007. <u>See</u> 28 U.S.C. § 2244(d)(2). The statute therefore began running again on October 10, 2007. In order to be filed within the one-year time frame after his conviction became final, Petitioner's habeas petition had to be filed by August 11, 2008. Petitioner, however, did not file the instant habeas petition until December 28, 2011, more than three years later. (<u>See</u> Dkt. No. 1.)

Petitioner contends in his filings that he "never intended" his Rule 60(b) motion "to go to the State Court," and this motion was filed "within one (1) year of this Newly Discovered Evidence." (Dkt. No. 47 at 4 of 11.) Petitioner is referring to the document entitled "Rule 60(b) 1)2)3)4)5) Motion" that was stamped "received" November 4, 2011, by the Clerk for the United States District Court for the District of South Carolina in Greenville. (<u>See</u> Dkt. No. 36-11.) This document was subsequently filed in Cherokee County. Although Petitioner may have never intended this document to be filed in state court, what he filed did, in fact, have a state court docket number on it, and the document was entitled a "Rule 60(B) motion." (<u>See</u> Dkt. No. 36-11 at 1 of 53.) Of course, even considering Petitioner's § 2254 petition as filed on November 4, 2011, would not make the instant petition filed within the one-year period set forth in 2244(d)(1)(A).

By claiming "newly discovered evidence," Petitioner may be attempting to argue his petition is timely pursuant to § 2244(d)(1)(D). This argument is without merit. As set forth above, § 2244(d)(1)(D) provides that the limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The relevant date for purposes of this subsection is the date that Petitioner could have discovered through the exercise of reasonable diligence the claims presented in his petition. <u>See Wade v. Robinson</u>, 327 F.3d

328, 333 (4th Cir. 2003). Petitioner's problem in seeking refuge under § 2244(d)(1)(D) is multi-fold.

The alleged "newly discovered evidence" only pertains to the potential testimony of Susan and Andre Spikes. (See Dkt. No. 47-3 at 1-2 of 160.) The Spikes state in their Affidavits that, on the morning of August 25, 2000, they were with Petitioner from 11:00 a.m. until about 12:30 or 1:00 p.m. The Spikes further state that Mr. Pruett, PCR counsel for Petitioner, had not contacted them concerning Petitioner's whereabouts but that, had they been contacted, they would have been willing to testify at his post-conviction relief hearing concerning Petitioner's whereabouts on the morning of August 25, 2000. (Dkt. No. 47-3 at 1-2 of 160.) The problem with this "newly discovered evidence" is that, to the extent Petitioner is claiming he had an alibi because he was with the Spikes at the time of the crime, of course Petitioner would have known all along where he was at the relevant time. Moreover, Petitioner's amended application for post-conviction relief, which was filed on October 11, 2004, set forth the claim that Petitioner "was denied effective assistance of counsel, in as much as  trial counsel failed to subpoena and present alibi witnesses on behalf of the Applicant; and that the Applicant was unduly prejudiced by this omission." (R. at 359.) Finally, Petitioner's own "original" filing in federal court (filed November 4, 2011), indicates that in October of 2010, he was able to contact Ms. Spikes. (Dkt. No. 36-11 at 4 of 53.) Petitioner appears to state therein that in October of 2010, he asked Ms. Spikes why she declined to testify at his PCR hearing; Ms. Spikes stated that no one contacted her about testifying. (Id.) Certainly Petitioner knew–since August 25, 2000–where he was on August 25, 2000. And he also knew from the time of his trial–in January of 2001–that his trial counsel did not call any witness that provided him with an alibi. Section 2244(d)(1)(D) does not render the claim related to ineffective assistance of trial counsel timely, in light of what Petitioner knew from the time of his trial. Nor does it render the other claims–unrelated

10

to the alleged newly discovered evidence–timely. See Pace v. DiGuglielmo, 544 U.S. 408, 416 n.6 (2005) (the calculation of timeliness pursuant to § 2244(d)(1)(D) is made on a claim-by-claim basis). In short, Petitioner's habeas petition is untimely.

To the extent Petitioner seeks equitable tolling, the undersigned recommends concluding Petitioner is not entitled to the benefit of that doctrine. As noted above, "[a] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 130 S. Ct. at 2562-63 (2010) (citing Pace, 544 U.S. at 418) (internal quotation marks omitted). Petitioner bears the burden of showing that he is entitled to equitable tolling. Pace, 544 U.S. at 418.

Petitioner has not established that he is entitled to equitable tolling; he has not shown that he was diligent in pursuing his rights or that some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) ("Harris argues that equitable considerations justify tolling in his case because the missed deadline was the result of an innocent misreading of the statutory provision by his counsel. While we agree that the mistake by Harris' counsel appears to have been innocent, we cannot say that the lawyer's mistake in interpreting a statutory provision constitutes that 'extraordinary circumstance' external to Harris that would justify equitable tolling."); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); Bogan v. South Carolina, 204 Fed. App'x 160, 160-61 (4th Cir. 2006) ("Recourse to equitable tolling must be guarded and infrequent. Consequently, equitable tolling is appropriate only when the government's wrongful conduct prevents a petitioner from filing a timely petition or when extraordinary circumstances beyond the petitioner's control make timely filing impossible."); see also Parmaei v. Jackson, 378 Fed. App'x 331, 332 (4th Cir.

11

2010) ("[W]e conclude that equity should operate to allow [the petitioner] to pursue on §

2254 those claims that, but for the clerk's docketing failure, would have been timely before

the district court.").

Petitioner argues, however, that the statute of limitations should not bar his habeas

petition because his "claim of Miscarriage of Justice stems from his assertion of Actual

Innocence." (Dkt. No. 47 at 6 of 11.) Petitioner cites to Schlup v. Delo, 513 U.S. 298 (1995),

and contends that actual innocence is "gateway" to consider his "defaulted claims." (Id. at

6-7 of 11.)

In a recent decision, the United States Supreme Court held that "actual innocence,

if proved, serves as a gateway through which a petitioner may pass whether the impediment

is a procedural bar . . . or . . . expiration of the statute of limitations." McQuiggin v. Perkins,

133 S. Ct. 1924, 1928 (2013). The Court further stated,

> We caution, however, that tenable actual-innocence gateway pleas are rare:
> "[A] petitioner does not meet the threshold requirement unless he persuades
> the district court that, in light of the new evidence, no juror, acting reasonably,
> would have voted to find him guilty beyond a reasonable doubt." Schlup, 513
> U.S., at 329, 115 S.Ct. 851; see House, 547 U.S., at 538, 126 S.Ct. 2064
> (emphasizing that the Schlup standard is "demanding" and seldom met). And
> in making an assessment of the kind Schlup envisioned, "the timing of the
> [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to
> show actual innocence. Schlup, 513 U.S., at 332, 115 S.Ct. 851.

McQuiggin, 133 S. Ct. at 1928.

In an Affidavit submitted with his Response in Opposition to Respondent's Motion for

Summary Judgment, Petitioner states that his PCR counsel "did commit perjury . . .

concerning Petitioner's Alibi Witnesses[] and photo lineup." (Dkt. No. 47-1 at 1-2 of 8.) As

described above, Petitioner attached the Affidavit of Susan Spikes as well as the Affidavit

of Andre Spikes. (See Dkt. No. 47-3 at 1-2 of 160.) The Spikes state that on the morning

of August 25, 2000, they were with Petitioner from 11:00 a.m. until about 12:30 or 1:00 p.m.

12

The Spikes further state that Mr. Pruett, PCR counsel for Petitioner, had not contacted them concerning Petitioner's whereabouts but that, had they been contacted, they would have been willing to testify at his post-conviction relief hearing concerning Petitioner's whereabouts on the morning of August 25, 2000. (Dkt. No. 47-3 at 1-2 of 160.)

The undersigned recommends concluding that Petitioner failed to meet the demanding standard set forth in Schlup. See Schlup, 513 U.S. 298; see also House v. Bell, 547 U.S. 518, 538 (2006). Petitioner has not shown that, "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." House, 547 U.S. at 538. As a preliminary matter, it is perhaps worth noting that there was no testimony at trial regarding the time of day the at-issue robbery occurred. Presumably, based on the affidavits submitted by Petitioner purporting to provide him with an alibi, it occurred between 11:00 A.M. and 12:30 P.M. However, David Clary of the Gaffney Police Department testified that the victim, when presented with a photographic line-up, identified Petitioner as the perpetrator within ten to thirty seconds. (R. at 231-32.) The victim also identified Petitioner as the perpetrator at his trial. (R. at 262.) She testified that, on the day in question, two black men robbed her while she was working at Southern Convenience. (R. at 258-62.) The victim further testified that the robbers were in the store for approximately fifteen to twenty minutes, waiting for the time release safe to open, and that she got a "full view of [Petitioner's] face" the "whole time . . . he was there." (R. at 261-65.) The victim stated, "I do know that's the gentleman that held me up without a doubt." (R. at 273.) Finally, Michael Jackson testified that he and Petitioner robbed the convenience store on August 25, 2000. (R. at 240-45.) Considering Petitioner's new evidence, along with the evidence presented at trial, the undersigned cannot conclude that "no juror, acting reasonably, would have voted to find [Petitioner] guilty beyond a reasonable doubt." McQuiggin, 133 S. Ct. at 1928; see also Sellers v. Ward, 135 F.3d 1333, 1338-39 (10th Cir. 1998) ("Actual innocence

does not mean merely that the new evidence creates a reasonable doubt of the petitioner's guilt but that no reasonable juror would have found the defendant guilty had that evidence been presented at trial.").

And in any event, the habeas claims presented by petitioner fail on the merits. Many of his complaints in the instant habeas petition concern the actions of his PCR counsel. Such allegations do not set forth a claim for relief in the instant proceeding. See 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). Furthermore, in Ground One, Petitioner makes vague claims of Brady violations and prosecutorial misconduct as well as ineffective assistance of trial and appellate counsel. (See Dkt. No. 1-4.) Vague allegations, without any explanation of the alleged constitutional errors, do not warrant federal habeas relief.[4] See Rule 2(c) of the Rules Governing Section 2254 and 2255 cases ("The petition must . . . state the facts supporting each ground . . . ."); Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir.1992) ("Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), overruled on other grounds by Gray v. Netherland, 518 U.S. 152, 165-66 (1996); see also Wiggins v. Lockhart, 825 F.2d 1237, 1238 (8th Cir.1987) (stating that "a habeas corpus petitioner must allege sufficient facts to establish a constitutional claim" and conclusory statements are insufficient). Ground Two is similarly vague. In addition, the Supreme Court of the United States has not yet recognized a "freestanding claim of actual

---

[4]Petitioner appears to fault trial counsel for not calling his alibi witnesses, the Spikes. It is unclear, however, how trial counsel could be deemed ineffective in this regard, when Petitioner himself states (verbatim), "Two (2) days before Trial said they (Alibi Witnesses) did not want to come and testify." (Dkt. No. 1-5 at 9 of 29; see also Dkt. No. 1-5 at 9-10 of 29.)

innocence." <u>McQuiggin</u>, 133 S. Ct. at 1931 (citing <u>Herrera v. Collins</u>, 506 U.S. 390, 404–05 (1993)).

For the foregoing reasons, the undersigned recommends concluding that Petitioner is not entitled to relief pursuant to § 2254 and therefore granting Respondent's Motion for Summary Judgment.

## **CONCLUSION**

It is therefore RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 37) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. The undersigned further RECOMMENDS that a certificate of appealability be DENIED.[5]

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

June 27, 2013
Charleston, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**

---

[5]     Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
    (B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Rose v. Lee</u>, 252 F.3d 676, 683 (4th Cir. 2001). In the case <i>sub judice</i>, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

15

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4ᵗʰ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).